UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SUSAN LEVY, *pro se*,                              :
                                                                    :
                   Plaintiff,          :
                                                                    :  **MEMORANDUM AND ORDER**
        -against-                              :  12-CV-2056 (DLI) (VMS)
                                                                    :
JOSEPH WELSH, MOORE MACRO FUND,:
LP, MOORE GLOBAL FIXED INCOME:
MASTER FUND, LP, MOORE ADVISORS,:
LTD., MOORE CAPITAL ADVISORS, LLC,:
MOORE CAPITAL MANAGEMENT, LP,:
MOORE CAPITAL MANAGEMENT, LLC,:
LOUIS BACON, EUGENE BURGER,:
CHRISTOPHER PIA, THE NEW YORK:
MERCANTILE EXCHANGE, INC., THE:
CME GROUP, INC., NYMEX FLOOR:
BROKERS AND CLERKS JOHN DOES 1-20,:
MF GLOBAL FLOOR BROKERS AND:
CLERKS, JOHN DOES, 21-40,              :
                                                                    :
                 Defendants.    :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Susan Levy, an attorney duly admitted to practice law in New York State, filed the instant action in this district (the "EDNY") against defendants Joseph Welsh ("Welsh"); Moore Macro Fund, LP and Moore Global Fixed Income Master Fund, LP (collectively the "Moore Fund Defendants"); Moore Capital Advisors, LLC, Moore Advisors, Ltd., Moore Capital Management, LP and Moore Capital Management, LLC (collectively the "Moore Capital Defendants"); Louis Bacon ("Bacon"); Eugene Burger ("Burger"); Christopher Pia ("Pia"); the New York Mercantile Exchange, Inc. ("NYMEX") and the CME Group, Inc. (collectively the "NYMEX Enterprise Defendants"); NYMEX Floor Brokers and Clerks, John Does 1-20; MF Global Floor Brokers and Clerks, John Does, 21-40; (collectively "defendants"). Plaintiff alleges that defendants manipulated the platinum and palladium futures markets and caused

1

plaintiff to lose her investments. Defendants moved to transfer the action to the United States District Court for the Southern District (the "SDNY") pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the motion. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

### I.   Parties

Plaintiff is a resident of New York County and an attorney who purchased and sold New York Mercantile Exchange ("NYMEX") platinum futures through MF Global, her Futures Commission Merchant, from February 2008 through September 2008. (Complaint ("Compl.") ¶¶ 12-17, Doc. Entry No. 1.) Defendant Joseph Welsh is a resident of Suffolk County, New York ("NY") and was senior Vice President for MF Global, Inc. during the relevant time period. (*Id* ¶¶ 18-25.) The Moore Fund Defendants are investment funds organized under the laws of the Bahamas and doing business in New York, NY. (*Id.* ¶¶ 35-43.) Defendant Moore Capital Advisors, LLC is a Delaware limited liability company, headquartered in New York, NY, and is a registered commodity pool operator ("CPO") and commodity trading advisor ("CTA"). (*Id.* ¶¶ 44-46.) Defendant Moore Advisors, Ltd. is a Bahamian international company and is registered as a CPO. (*Id.* ¶¶ 47-49.) Defendant Moore Capital Management, LP is an investment firm organized as a Delaware limited partnership headquartered in New York, NY, and is registered as a CTA. (*Id.* ¶¶ 50-54.) Defendant Moore Capital Management, LLC is a Delaware limited liability company and was registered as a CTA during the relevant time period. (*Id.* ¶¶ 55-58.) Defendant Louis Bacon resides in New York State and conducts business in New York, NY in connection with the Moore Fund Defendants and the Moore Capital Defendants. (*Id.* ¶¶ 65-80.) Defendant Christopher Pia resides in Greenwich, CT and conducted business in New York, NY during the relevant time period as the portfolio manager for defendant Moore Capital

Management, LLC.  (*Id.* ¶¶ 81-90.)  Defendant Eugene Burger resides in New York State and conducts business in New York, NY as a trader at Moore Capital Management, LP.  (*Id.* ¶¶ 91-95.)  Defendant NYMEX is a Delaware corporation licensed to do business in the state of New York, with its principle place of business in New York, NY.  (*Id.* ¶¶ 96-104.)  NYMEX is the world's largest platinum market and the exclusive market in the United States.  (*Id.*)  Defendant CME Group, Inc. is a Delaware corporation that does business in New York, NY, has its principal place of business in Chicago, IL, and owns NYMEX, as well as other exchanges.  (*Id.* ¶¶ 105-11.)  Lastly, defendants John Does #1-20 are NYMEX Floor Brokers and Clerks and John Does #21-40 are MF Global Floor Brokers and Clerks.  (*Id.* ¶¶ 116-25.)  From 2006 to 2008, each defendant was either employed by, represented, or conducted business with MF Global, Inc., a financial derivatives broker with its primary office located in New York, NY.  (*Id.* ¶¶ 26-34.)

## II. Relevant Facts and Procedural History

Plaintiff alleges that defendants manipulated the platinum and palladium markets in order to artificially increase the settlement prices of NYMEX platinum and its related commodity, palladium.  (*Id.* ¶¶ 1-4, 199-206.)  Based on defendants' actions, the price of platinum rose as high as $1600 to $2200 per troy ounce.  (*Id.* ¶ 172.)  Plaintiff alleges that when defendants stopped manipulating the platinum market, the market collapsed and the price dropped to approximately $900 in late 2008.  (*Id.* ¶¶ 172-73.)  Investors, including plaintiff, allegedly relied almost exclusively on settlement prices to determine whether or not to enter the market, and, therefore, by manipulating the settling prices, defendants' conduct caused the entire market to become a "sham."  (*Id.* ¶ 189.)  Plaintiff lost her entire platinum investment of $280,000, as well

as $84,000 in non-platinum investments, when she liquidated her portfolio upon the markets' collapse.  (*Id.* ¶¶ 9, 15, 383.)

In May 2008, four separate class actions pertaining to the same alleged manipulation of the platinum and palladium markets that form the basis for plaintiff's Complaint were filed in the SDNY and consolidated (the "Class Actions").  (Defendants' Letter-Brief in Support of Motion to Transfer ("Def. Mem.") at 2, Doc. Entry No. 27.); *see In Re Platinum and Palladium*, 10-CV-3617 (WHP).  Plaintiff admits that, while she may be a class member, she prefers to proceed on her own and may opt out of the Class Actions, if necessary.  (Compl. ¶ 9 n.6.)  The Class Actions are assigned to the Honorable William H. Pauley, III, U.S. District Judge for the SDNY, who already has resolved substantive legal and discovery issues, including the striking of portions of the complaint as immaterial and dismissed, without prejudice, the second amended consolidated class action complaint.  (Def. Mem. at 2); *see In re: Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588 (S.D.N.Y. 2011).  On January 27, 2011, plaintiff sent a letter to Judge Pauley requesting leave to file a motion to intervene in the Class Actions or, in the alternative, for permission to opt out of the class and pursue her own case.  (Plaintiff's Memorandum in Opposition to Defendants' Motion to Transfer ("Pl. Mem."), Exh. 1, Doc. Entry No. 29.)  The request was neither granted nor denied.  (*Id.* at 3.)

On April 26, 2012, plaintiff filed the instant action against defendants in this Court, alleging that defendants' manipulation of the Platinum market from approximately 2006 through 2008 caused plaintiff to lose $364,000.00 in investments, for which she now seeks damages, including statutory treble damages, punitive damages, interest based on New York's Statutory rate, costs and disbursements, and attorney fees.  (*Id.* ¶¶ 9, 383.)

On August 31, 2012, defendants moved to transfer the case to the SDNY pursuant to 28 U.S.C. § 1404(a). Plaintiff opposed the motion, asserting that deference should be given to plaintiff's choice of forum and that defendants failed to establish that a motion to transfer should be granted.

**DISCUSSION**

While Plaintiff is proceeding *pro se*, she is an attorney. Accordingly, the liberal construction courts generally give the pleadings of a *pro se* litigant does not apply here. *Tracy v. Freshwater*, 623 F. 3d 90 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no [special] solicitude at all."); *Andrews v. Columbia Gas Transmission Corp.*, 544 F. 3d 618, 633 (6th Cir. 2008) (indicating that a district court does not err by refusing to afford special solicitude to a practicing lawyer who is proceeding *pro se*); *Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F. 2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration."); *see also Walker v. Gormley*, 1993 WL 453864, at *2 (S.D.N.Y. Nov. 4, 1993) ("The leniency this Court sometimes accords to *pro se* litigants in making pleading determinations is not warranted here, since plaintiff, though appearing *pro se*, was once a lawyer.").

**I.     Transfer of Venue Pursuant to 28 U.S.C. § 1404**

The transfer of venue statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). "Section 1404(a) is intended 'to prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and [the] public against unnecessary inconvenience and expense.'" *EasyWeb Innovations, LLC v. Facebook, Inc.,* 2012 WL 3755410, at *3 (E.D.N.Y. Aug. 30, 2012) (quoting

5

*MasterCard Int'l Inc. v. Lexcel Solutions, Inc.,* 2004 WL 1368299, at *5 (S.D.N.Y. June 16, 2004)).  Moreover, the transfer of venue provision was "designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or witnesses."  *Buchanan v. Umhoefer*, 2011 WL 3421502, at *2 (E.D.N.Y. Aug. 3, 2011) (quoting *Schwartz v. Marriott Hotel Services, Inc.*, 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002)).

When making a motion to transfer venue, "[t]he party requesting transfer carries the 'burden of making out a strong case for transfer.'"  *Audiovox Corp. v. S. China Enter., Inc.,* 2012 WL 3061518, at *7 (E.D.N.Y. July 26, 2012) (quoting *N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F. 3d 102, 114 (2d Cir. 2010)); *see also In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006).  At the same time, "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."  *In re Cuyahoga Equip. Corp.*, 980 F. 2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see also EasyWeb Innovations*, *LLC,* 2012 WL 3755410, at *3.

To determine whether a motion to transfer venue should be granted, the court must apply a two-pronged test: "(A) whether the action could have been brought in the proposed forum; and (B) whether the transfer would 'promote the convenience of parties and witnesses and would be in the interests of justice.'"  *EasyWeb Innovations, LLC*, 2012 WL 3755410, at *3 (quoting *Clarendon Nat'l Ins. Co. v. Pascual,* 2000 WL 270862, at *2 (S.D.N.Y. Mar. 13, 2000)).

  A. <u>Plaintiff's Action Could Have Been Brought in the SDNY</u>

First, an action "might have been brought" in the transferee forum, if "the transferee forum would have had personal jurisdiction over the defendant[s] at the time the action was

commenced and if venue properly lies there." *Nabisco, Inc. v. Brach's Confections, Inc.*, 2000 WL 1677935, at *1 (S.D.N.Y. Nov. 8, 2000). Both parties agree that the action "might have been brought" in the proposed transferee forum. (Pl. Mem. at 3 (transferee forum is "technically proper"); Def. Mem. at 2.) While plaintiff concedes the transferee forum is "technically proper," plaintiff contends she was not able, as a "matter of fact," to enter the forum, because her January 27, 2011 letter to Judge Pauley requesting permission to file a motion to intervene in the Class Actions or opt-out and pursue her own case, was allegedly neither "docketed nor heard." (Pl. Mem. at 3, Exh. 1.) Plaintiff's argument is meritless. Whether or not Judge Pauley entertained plaintiff's letter neither foreclosed plaintiff from filing her own suit in the SDNY, nor did it have any bearing on whether the transferee forum had personal jurisdiction over each of the defendants or whether venue in the transfer court is proper. Accordingly, the first prong of the test has been met.

> B. The Proposed Transfer to the SDNY Promotes Convenience and Fairness and is in the Interest of Justice

The next inquiry is whether the proposed transfer will promote convenience and fairness, and is in the interest of justice. *Nabisco, Inc.*, 2000 WL 1677935, at *1. As to this prong of the test, a court may consider the following non-exhaustive list of factors, none of which are dispositive: a) plaintiff's choice of forum; b) convenience of witnesses; c) convenience of parties; d) locus of operative facts; e) ease of access to sources of proof; f) relative means of parties; g) availability of process to compel witness attendance; h) trial efficiency and interests of justice; and i) the forum's familiarity with governing law. *See Zaitsev v. State Farm Fire & Gas, Co.*, 2005 WL 3088326, at *1 (E.D.N.Y. Nov. 17, 2005); *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F. 3d 95, 106-07 (2d Cir. 2006).

Here, venue is sought to be transferred from the EDNY to the SDNY. Given the close proximity of these venues, courts in both districts consider the following factors to be relatively neutral for the purpose of the transfer analysis: convenience of the parties, convenience of material witnesses, availability of process to compel the presence of unwilling witnesses, cost of obtaining the presence of witnesses; relative ease of access to sources of proof, calendar congestion, and where the events at issue took place. *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 449 (E.D.N.Y. 2011). Therefore, the two principle issues this Court must resolve are, "(1) how much deference to give the plaintiff's choice of forum and (2) how to weigh the interest of justice." *Id.*

1. *Plaintiff's Choice of Forum and Forum Shopping*

Defendants contend that plaintiff's choice of forum is entitled to little, if any, deference, because plaintiff is not a resident of this forum and because she is forum shopping. (Def. Mem. at 2-3; Defendants' Reply Memorandum in Support of Motion to Transfer ("Def. Reply") 4-5, Doc. Entry No. 30.) Plaintiff concedes she may be entitled to less than full deference, but asserts she is entitled to at least some, and claims she is not forum shopping because the EDNY is an appropriate forum that will not disadvantage defendants. (Pl. Mem. at 3-4.)

"It is well settled that the plaintiff's choice of forum is 'given great weight.'" *EasyWeb Innovations, LLC*, 2012 WL 3755410, at *4 (quoting *D.H. Blair & Co., Inc.*, 462 F. 3d at 107). "Where the forum is not the plaintiff's home district, however, the plaintiff's choice of forum is given less deference. This is true even when the plaintiff's home district is adjacent to the forum." *Nabisco, Inc.*, 2000 WL 1677935, at *4 (citing *Hall v. South Orange*, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (Brooklyn, NY plaintiff's choice of SDNY given little deference)). Moreover, when the plaintiff does not reside in the chosen district and only selected the forum

for tactical advantage, the plaintiff is afforded little to no deference. *Capmark Financial Group Inc. v. Goldman Sachs Credit Partners L.P.*, 2012 WL 698134, at *11 (S.D.N.Y. March 5, 2012) (citing *Iragorri v. United Techs. Corp.*, 274 F. 3d 65, 72 (2d Cir. 2001) ("[T]he more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands.").

Plaintiff resides in New York County, which is within the SDNY, not the EDNY. Significantly, there is evidence that plaintiff is forum shopping. Plaintiff's actions and arguments suggest she is seeking a tactical advantage by not filing her action in the same forum as the Class Actions. For example, plaintiff argues that: (a) defendants would have a "home court advantage" being in the same district as the Class Actions; (b) plaintiff would have to "catch up" to the Class Actions that have been pending for two years; (c) defendants "already have one motion to dismiss under their belt;" and (d) Judge Pauley's ruling dismissing the second amended consolidated class action complaint was made "without good cause." (Pl. Mem. at 4-5.) Plaintiff argues against transfer by noting orders and rulings by the district judge in the Class Actions she does not agree with, which suggests that plaintiff is seeking to gain a tactical advantage by filing her action in this district. (*See id.* at 5.)

Furthermore, plaintiff's January 2011 attempt to intervene in the Class Actions in the SDNY only supports the notion that the SDNY, in fact, is the appropriate forum. As explained in the preceding section, the fact that Judge Pauley in the SDNY has not rendered a decision on plaintiff's request for leave to file a motion to intervene does not make the EDNY the appropriate forum, as plaintiff contends. Instead, it further supports the notion that plaintiff is engaging in forum shopping in order to side-step court rulings or actions she does not like. For example, in the Class Actions, Judge Pauley struck all references to the United States

Commodities Futures Trading Commission Consent Order from the Class Actions complaint and ruled plaintiffs could not rely on it. Here, plaintiff Levy relied on that Consent Order in her complaint and attached it as an exhibit to her memorandum in opposition to the instant motion. *See In re: Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d at 595. As defendants correctly point out, "[p]laintiff should not be able to evade the force and effect of Judge Pauley's orders by her choice of forum." (Def. Reply. at 5.)

While a plaintiff is generally entitled to deference in her choice of forum, here, plaintiff's choice of forum is given little, if any, deference because plaintiff does not reside in the chosen forum and there is evidence of form shopping by plaintiff.

2. *Interest of Justice and Judicial Economy*

"The Court's consideration of whether transfer is in the interest of justice is 'based on the totality of the circumstances' . . . and 'relates primarily to issues of judicial economy.'" *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005) (quoting *Mitsui Marine and Fire Ins. Co. Ltd. v. Nankai Travel Intern. Co.*, 245 F. Supp. 2d 523, 527 (S.D.N.Y. 2003)). Additionally, "courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative." *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004); *see also Nabisco, Inc.*, 2000 WL 1677935, at *5 ("A case should generally be transferred to the district where a related action is pending.").

The Class Actions and plaintiff's instant case arise from the same underlying factual allegations – that defendants' alleged manipulation of the platinum and palladium markets resulted in the markets' collapse. In the instant action, plaintiff raises many of the same claims against primarily the same defendants and seeks similar relief as the plaintiffs in the Class

10

Actions.  Therefore, the parties in both actions will need access to the same witnesses and evidence to argue the same basic claims.  Having duplicative actions in which two federal judges preside over the same basic claims, is a waste of judicial resources, will cause the parties to unnecessarily expend additional time and resources, will result in duplicative discovery, and will risk potentially inconsistent results regarding, *inter alia*, discovery rulings, privilege issues, *Daubert* motions and summary judgment.  *See Rabbi Jacob Joseph School*, 342 F. Supp. 2d at 131.  Moreover, the district judge presiding over the Class Actions has already made several substantive and discovery related rulings up to this point.  (Def. Mem. at 2.)

Plaintiff argues it is not in the interest of justice or judicial economy to transfer the action.  Plaintiff first contends that her claim is not "entirely related" because there are pendant state law claims and separate defendants.  (Pl. Mem. at 2.)  However, plaintiff's claims are largely the same as in the Class Actions, the underlying facts are the same, and the majority of defendants are the same.  The interests of justice only "require that the cases be related, not identical."  *Wald v. Bank of America Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) (citing *Columbia Pictures Indus. v. Fung*, 447 F. Supp. 2d 306, 309-10 (S.D.N.Y. 2006) and *Delta Air Lines, Inc. v. Ass'n of Flight Attendants*, *CWA*, 720 F. Supp. 2d 213, 219 n.4 (E.D.N.Y. 2010)).

Second, plaintiff argues the instant action will have to be severed at trial and, thus, transfer would provide "no real savings of resources."  (Pl. Mem. at 5.)  However, regardless whether the case will be severed at trial, by transferring this action to the SDNY, the Court will minimize the inherent cost of duplicative discovery, especially in a large and complicated commodities action, and avoid the risk of inconsistent results.

Third, plaintiff argues that her "solitary case" will not interfere with judicial economy or "place a heavy burden" on this Court.  (*Id.*)  However, that this action has only one plaintiff is

11

beside the point – duplicative discovery and competition for the same witnesses would still be a waste of resources and creates a risk of inconsistent results.

Lastly, plaintiff argues that, as a result of defendants' transfer motion, she is being forced to join the Class Actions and her voice will be overpowered, if her action is transferred to the SDNY. (*Id.* at 3-5.) Plaintiff is incorrect. Plaintiff has requested leave to file a motion to intervene in the Class Actions and she has the option of pursuing her own action.

### 3. *Weighing the Factors*

After weighing the factors set forth above, the Court finds that transfer is warranted. Plaintiff's choice of forum is given little, if any, deference because she is not a resident of this forum and there is evidence of forum shopping, and does not weigh significantly, if at all, in favor of plaintiff. The transfer of the instant action to the SDNY will substantially conserve judicial economy, because having two judges in different district courts preside over similar, if not identical, litigation is a waste of judicial resources. The fact that the SDNY has substantial familiarity with the ongoing Class Actions weighs heavily in favor of transfer. Thus, the interests of justice and judicial economy heavily outweigh any deference given to the forum of plaintiff's choice.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404 is granted.

SO ORDERED.

Dated: Brooklyn, New York
March 19, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge